### No. 5049.

### JOSEPH MOORE *v.* MRS. INEZ ROUTH GORDON.

Where the objection was that the plaintiff alleged that the indebtedness of the defendant arose from family and plantation supplies furnished in 1870 and 1871, that the first item appearing on the plaintiff's account charged: "1870, April, account rendered $3970," as may have accrued from and after first January 1870, was not, and did not purport to be for such supplies, and was too general and indefinite to admit of proof;

Held—That the objection was well taken and that the testimony offered should have been rejected.

The husband of defendant was the manager of the *Verona* plantation belonging to her, prior to her being separated from him by judicial decree in October 1869. During that year he received supplies from the plaintiff, and the sum of $3970 charged, as before stated, as the first item on the account sued upon, is inferred to be, for the most part, for the supplies of 1869. It is in proof that for the period of 1870 and 1871, for which the supplies are charged, she had always refused to supply the laborers on her place, which was leased out to them, and had neither authorized her husband nor any other person to contract for supplies. The plaintiff can only have judgment for $303 18, as the amount of articles established as furnished to defendant and which went to her individual use.

APPEAL from the Thirteenth Judicial District Court, parish of Tensas. *Hough*, J. *L. V. Reeves, R. Lewis, Race, Foster & Merrick*, for plaintiff and appellant. *William B. Spencer*, and *H. R. Steele*, for defendant and appellee.

TALIAFERRO, J. The plaintiff sues for $3220 28 with interest, being as he alleges for family and plantation supplies furnished the defendant during the years 1870 and 1871. The answer denies any indebtedness whatever by the defendant to the plaintiff; avers that the plaintiff's account, if ever really contracted, which she denies, was contracted during the time she was a married woman; that no part of the account inured to her separate benefit; that if any such indebtedness was ever contracted with the plaintiff it was done by her husband without her knowledge, consent, or procurement.

The Judge *a quo* considering that a portion of the articles charged on the plaintiff's account amounting to $543 60 inured to the separate benefit of the defendant, gave judgment in favor of the plaintiff for that amount, with five per cent. interest from the first of January, 1872. The plaintiff has appealed.

The appellee asks that the judgment of the lower court be amended by rejecting the plaintiff's demand *in toto*. A bill of exceptions was taken to the ruling of the court permitting evidence to be received in relation to such portion of the first item appearing on the plaintiff's account charged : "1870, April, account rendered $3970," as may have accrued from and after first January, 1870. The objection is that the plaintiff having alleged that the indebtedness of the defendant arose from family and plantation supplies furnished in 1870 and 1871 ; the item $3970 is not and does not purport to be for such supplies, and is too general and indefinite to admit of proof. We think the objection was well taken and that the testimony should have been rejected.

It appears that the defendant was separated in property from her husband by judicial decree in October 1869. The "Verona" plantation, which it seems the defendant is owner of, has been occupied by her since the decree of separation of property, and supplies have been furnished the plantation by the plaintiff since that time; but there is a failure on his part to establish any contract with the defendant for the furnishing of the plantation or to show, except for a small amount, that any of the articles went to her use or benefit. Prior to the date of separation of property, her husband, John Gordon, managed the place, and received in 1869 supplies from the plaintiff, and the sum of $3970 charged, as we have seen, as the first item on the account sued upon, was for the most part, we infer, for the supplies of 1869. It is in proof that the defendant leased the Verona plantation, during the period for which these supplies are charged, to the laborers on the place, and was under no obligation to furnish them. How this state of things came about is not apparent from anything in the record. The testimony of the defendant is very clear and positive, that in leasing the plantation she has always refused to supply the laborers, and that she has never authorized her husband or any other person to enter into or engage on her part to furnish supplies.

We find no evidence of a countervailing character. After an examination of the evidence we are unable to concur with the judge *a quo* in the amount which the plaintiff establishes as purchased by defendant and went to her individual use. We take the amount stated by the witness R. Murdock, $303 18, to be the only sum the plaintiff is entitled to have judgment for.

It is therefore ordered that the judgment of the district court be amended by reducing the judgment against the defendant to the sum of three hundred and three dollars and eighteen cents, with five per cent. interest thereon from the first of January 1872, and as thus amended that it be affirmed.

Rehearing refused.